■ PEAK REALTY & MANAGEMENT, Respondent, v LAJON ENTERPRISES, INC., et al., Defendants, and RHODA SWEET, Appellant.—In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the defendant Rhoda Sweet appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Robbins, J.), entered August 1, 1985, which, inter alia, granted the plaintiff's motion for summary judgment as against her.

Order and judgment affirmed, with costs.

We agree with Special Term that the plaintiff is entitled to summary judgment. The plaintiff's grantor received his title by deeds executed by the County of Nassau (hereinafter the county) and the City of Long Beach (hereinafter the city). The county acquired title from the County Treasurer, through conveyance by tax sale, on January 19, 1983; the deed was recorded on January 25, 1983. The city also acquired title from the City Treasurer, through conveyance by tax sale, on

April 13, 1982; the deed on that property was recorded on April 23, 1982. The plaintiff brought the instant action by service of a summons and verified complaint dated March 14, 1985.

Since more than two years had passed between the recordation of the respective city and county tax deeds and the commencement of the action, the presumption of regularity afforded to each had become conclusive when the action was commenced (see, Real Property Tax Law § 1020 [3]; see also, Harbor Assoc. v Asheroff, 35 AD2d 667, 668, lv denied 27 NY2d 490). As the defendant Sweet has failed to demonstrate a jurisdictional defect in the tax sale proceedings, the plaintiff is entitled to rely on the conclusive presumption of regularity afforded thereto (see, Real Property Tax Law § 1020 [3]).

We have reviewed the defendant Sweet's remaining contentions and find them to be without merit. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.